UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| JASON LENON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV414-137 |
| | ) | |
| WARDEN STANLEY WILLIAMS, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER

Jason Lenon is currently confined in Smith State Prison, in Glennville, Georgia (hence, in this District). Doc. 1. He has filed a 28 U.S.C. § 2254 petition attacking a Lowndes County conviction, and that county lies within the Middle District of Georgia. 28 U.S.C. § 90(b)(6).[1] In such situations, jurisdiction exists concurrently in both the district of confinement and the district in which the conviction under attack was entered. *Wright v. Indiana*, 263 F. App'x 794, 795 (11th Cir. 2008). However, "[t]he most *convenient* forum will often be the district in the state whose conviction is being attacked, and a transfer of the case to that district is permissible, but not required." *Id.* (citing *Byrd v. Martin*,

---

[1] He has also paid the filing fee.

754 F.2d 963, 965 (11th Cir. 1985) (emphasis added)); *Eagle v. Linahan*, 279 F.3d 926, 933 n. 9 (11th Cir. 2001) ("The practice of the district courts in Georgia is to transfer habeas petitions filed in the district where the petitioner is confined to the district where the petitioner was convicted.").

Having considered petitioner's filing, the Court concludes that the Middle District would be the better forum for resolving this matter. Hence, this case should be **TRANSFERRED** to the Middle District of Georgia for all further proceedings. *See* 28 U.S.C. § 1404(a) (permitting a district court to transfer any civil action to another district or division where it may have been brought for the convenience of parties and witnesses and in the interest of justice).

**SO ORDERED** this 14th day of October, 2014.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**